28073.00A2B9/Document #: 797692

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEREMALE MURPHY SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEVAUGHN MURPHY, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | JURY DEMAND |
| v. | ) ) ) | |
| FISHER-PRICE, INC., and TARGET CORPORATION | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

NOW COME the defendants, FISHER-PRICE, INC. ("Fisher-Price"), and TARGET CORPORATION ("Target"), by and through their attorneys, C. Barry Montgomery and Edward J. Murphy of WILLIAMS, MONTGOMERY & JOHN LTD., and pursuant to 28 USC §§ 1332, 1441, and 1446, file this Notice of Removal of a suit from the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois to the United States District Court for the Central District of Illinois. The defendants, Fisher-Price and Target, herein set forth a short and plain statement of the grounds for removal as required by 28 USC § 1446 (a).

1. This is a product liability suit filed on February 4, 2009, in the Circuit Court of the Sixth Judicial Circuit, Macon, County, Illinois seeking damages for personal injuries to and the alleged wrongful death of Jermylin Devaughn Murphy, the plaintiffs' eight-month-old son. The complaint alleges that on January 2, 2008 the now deceased child had been using a "Fisher-Price Rainforest Open Top Take-A-Long Swing" designed and manufactured by Fisher-Price which had been purchased by plaintiffs from defendant Target. (See Complaint, attached as Exhibit A, ¶ 4-7). The complaint also alleges that the swing was defective and that certain

product defects proximately caused the decedent's injuries and death. (See e.g. Ex. A ¶¶ 12, 13, 21, 23.)

2. Neither Fisher-Price nor Target have been was served with a summons or complaint in the Macon County action. The suit was filed on February 4, 2009. Therefore, this Notice of Removal is filed within the thirty-day time period prescribed by 28 U.S.C. § 1446(b).

3. Both plaintiffs are citizens of the State of Illinois. (Exhibit A, ¶ 3).

4. Defendant Fisher-Price is a corporation incorporated in the State of Delaware, with its principal place of business in East Aurora, New York. Target is a corporation incorporated in the State of Minnesota with its principal place of business in Minneapolis, Minnesota.

5. Pursuant to 28 U.S.C. § 1332 the United States District Courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff(s) and each defendant. The requirement that there be complete diversity is met in this action. The plaintiffs are citizens of Illinois whereas the defendant corporations are citizens of Delaware, New York, and Minnesota. Neither defendant is a citizen of Illinois, the state in which this action was brought.

6. Plaintiffs' complaint seeks a judgment "for an undetermined amount in excess of $50,000." (See Exhibit A, p. 5, 7, 9, and Affidavit of plaintiff's counsel, Gary F. Geisler, p. 10). Based upon the allegations of the complaint the undersigned attorney for Fisher-Price and Target has a good faith belief that the amount in controversy exceeds $75,000. The complaint alleges that the decedent sustained serious injuries and experienced "vigorous respiratory efforts, including rebreathing with terminal gasping, that eventually caused his death by positional asphyxia" (Exhibit A. ¶8) and that as a result of the death the plaintiffs, Jeremale Murphy Sr. and Megan Whitney "incurred medical, funeral, and burial expenses and have suffered the loss of the love, affection, guidance, society and companionship of their son." (See Exhibit A, ¶ 10).

7. "When determining whether the amount in controversy requirement is met, the amount contained in the pleadings is not dispositive." Pemiscot County v. Western Surety Co., 51 F.3d 170, 174 (8th Cir. 1995). Rather, the standard is "whether a fact-finder might legally conclude" that a plaintiff's damages are greater than $75,000. See Quinn v. Kimble, 228 F.Supp.2d 1038, 1040 (E.D. Mo. 2002). The undersigned's belief that the amount in controversy as to both Plaintiff's claims exceeds $75,000 exclusive of interest and costs is well founded. It is based on the allegations of the complaint and the serious nature of the injuries and damages alleged.

8. Pursuant to 28 U.S.C. § 1441 "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal to this Court is proper because the suit was filed in Macon County, Illinois, which is a county served by the U.S. District Court for the Central District of Illinois, and is a cause of action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Fisher-Price and Target are the only defendants named in this suit. Neither is a citizen of the State of Illinois. By the filing of this Notice the defendants give their consent to the removal of the action to this Court.

9. Pursuant to 28 U.S.C. § 1446(d) the attorneys for Defendants Fisher-Price and Target will serve upon the plaintiffs' attorney of record written notice of filing of this Notice of Removal and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Macon County, Illinois.

WHEREFORE, the defendants, FISHER-PRICE, INC., and TARGET CORPORATION, gives notice that this matter has been removed to the United States District Court for the Central District of Illinois for all further proceedings.

WILLIAMS MONTGOMERY & JOHN LTD.

s/Edward J. Murphy
Edward J. Murphy, Bar No. 3126287

C. Barry Montgomery
Edward J. Murphy
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendants
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200 - phone
(312) 630-8568 - fax
ejm@willmont.com

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

| | |
|---|---|
| JERMALE MURPHY, SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 2009-L-29 |
| v. ) | Jury Trial Requested |
| FISHER-PRICE, INC. and TARGET CORPORATION, ) ) ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, by and through their undersigned counsel, and for their complaint against Defendants, Fisher-Price, Inc. (hereinafter "Fisher-Price") and Target Corporation (hereinafter "Target"), would state as follows:

### Allegations Common to All Counts

1. This is an action pursuant to and in accordance with the provisions of 740 ILCS 180/1, 735 ILCS 5/13-209 and Illinois common law for personal injuries to, and the wrongful death of, Jermylin Deyvaughn Murphy.

2. At all times material hereto, Defendants Fisher-Price and Target solicited, operated, conducted, engaged in and carried on a business or business venture in Illinois, derived substantial revenue from their goods used or consumed within Illinois, and


EXHIBIT A

committed tortious acts and omissions within Illinois from which this cause of action arises, and thus are subject to the jurisdiction of this Court.

3. Venue is proper in Macon County, Illinois as the defective baby swing that is the subject of this action was purchased and caused the death of Jermylin Deyvaughn Murphy within Macon County, Illinois; Plaintiffs are citizens of Macon County, Illinois; witnesses are located in Macon County, Illinois; and Defendants at all times material hereto regularly conducted business within Macon County, Illinois.

4. At all times material hereto, Plaintiffs Jermale Murphy, Sr. and Megan Whitney are the surviving natural parents of Jermylin Deyvaughn Murphy, deceased. Plaintiffs further are, or soon will be, the Special Administrators of the Estate of Jermylin Deyvaughn Murphy.

5. Jermylin Deyvaughn Murphy was born on May 2, 2007 and died on January 2, 2008 at the age of eight months.

6. At the time of his death, Jermylin Deyvaughn Murphy had been using a Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, that was designed, manufactured, tested, assembled, labeled, supplied, packaged, distributed, promoted, marketed, advertised, sold and recalled by Defendant Fisher-Price.

7. In the spring of 2007, the baby swing was purchased by Plaintiffs from Defendant Target at one of its retail store located at 355 West Mound Road, Decatur, Illinois 62526. The swing was purchased in the same condition in which it had left the control and possession of Defendant Fisher-Price and had been sold and supplied to Defendant Target.

8. On the morning of January 2, 2008, Jermylin Deyvaughn Murphy was in the subject swing when the swing's seat failed, causing him to become entrapped in a declined position with his head forced forward and part of the upper portion of the fabric seat of the swing covering his face. The swing's failure resulted in Jermylin Deyvaughn Murphy experiencing vigorous respiratory efforts, including rebreathing with terminal gasping, that eventually caused his death by positional asphyxia.

9. As a result of the swing's failure, Jermylin Deyvaughn Murphy suffered intrathoracic petechial hemorrhages, as well as livor mortis on his face. Both the cause and manner of Jermylin Deyvaughn Murphy's death evidence his physical and emotional pain and suffering incurred before and during his suffocation.

10. As a result of their infant son's injuries and death, Plaintiffs have incurred medical, funeral and burial expenses, and have suffered the loss of the love, affection, guidance, society and companionship of their son.

### COUNT I
### (Strict Liability Against Defendant Fisher-Price)

11. Plaintiffs re-state and re-allege Paragraphs 1 through 10 as if fully set forth herein and would further allege:

12. The baby swing as designed, manufactured and sold by Defendant Fisher-Price was in a defective condition unreasonably dangerous to its users or consumers. The swing was unsafe when put to a use that was reasonably foreseeable; failed to perform in the manner reasonably to be expected in light of its nature and intended function as an infant product; failed to match the average quality of like infant products; was in a condition not contemplated by the ultimate user or consumer which is unreasonably dangerous to

Page -3-

the user or consumer; and was designed without minimal safety measures that, because they were not taken, cause the swing's potential dangers to outweigh the utility of the product as designed.

13. The defects in the swing include, but are not limited to:

(A) a defective design, given the probability and seriousness of the risks posed by the design, the minimal burden on Defendant Fisher-Price to take the necessary steps to eliminate the risks posed by the design, and given that the foreseeable risks of harm posed by the swing's design could have been reduced or avoided by the adoption of a reasonable alternative design, including such reasonable alternative designs as using approximately 4 - 6 inches of additional poly/cotton material to the back of the seat pad's upper pocket so that it may securely extend over the metal seat frame's upper tube, or the use of small straps with a plastic buckle to secure the upper back of the seat pad, as is used to secure the seat pad's lower pocket over the seat frame's bottom tube;

(B) defective testing, including the failure to adequately test the performance of the swing's seat under conditions of use that were reasonably foreseeable;

(C) defective warnings, instructions and labels that were insufficient, inadequate, and failed to reasonably warn as to the dangerous risks and hazards associated with the use of the swing; and

(D) defective manufacturing, in that in the absence of abnormal use or reasonable secondary causes, the swing failed to perform in the manner reasonably to be expected in light of its nature and intended function.

14. Defendant Fisher-Price is strictly liable for the design, manufacturing, and testing defects, and its failures to adequately warn, instruct and label as set forth above.

15. As a direct and proximate result of the swing's design, manufacturing, and testing defects, and Defendant Fisher-Price's failures to adequately warn, instruct and label the swing, the swing failed, causing the entrapment and subsequent injuries to and death of Jermylin Deyvaughn Murphy.

WHEREFORE, Plaintiffs pray for a judgment against Defendant Fisher-Price for an undetermined amount in excess of Fifty Thousand Dollars ($50,000.00), costs of suit, and a trial by jury.

### COUNT II
### (Breach of Implied Warranty of Merchantability Against Defendants Fisher-Price and Target)

16. Plaintiffs re-state and re-allege Paragraphs 1 through 10 as if fully set forth herein and further allege:

17. This is an action pursuant to 810 ILCS 5/2-314 and Illinois common law.

18. The infant swing as sold by Defendants Fisher-Price and Target was not of merchantable quality in that:

   (A)   It was not fit for the ordinary purposes for which it was used;

   (B)   It was not adequately labeled; and

   (C)   It failed to conform to the promises or affirmations of fact on its container or label, including the affirmation on its container stating "Deep Cradle Seat & head pillow support baby."

19. As a direct and proximate result of Defendant Fisher-Price and Defendant Target's breaches of their implied warranties of merchantability, the swing failed and caused the entrapment and subsequent injuries to and death of Jermylin Deyvaughn Murphy.

WHEREFORE, Plaintiffs pray for a judgment against Defendants Fisher-Price and Target for an undetermined amount in excess of Fifty Thousand Dollars ($50,000.00), costs of suit, and a trial by jury.

### COUNT III
### (Negligence Against Defendant Fisher-Price)

20. Plaintiffs re-state and re-allege Paragraphs 1 through 10 as if fully set forth herein and further allege:

21. Defendant Fisher-Price knew or should have known at the time the swing left its control that the swing was defective.

22. Defendant Fisher-Price had a duty to Plaintiffs to use reasonable care in the design, manufacture, testing, inspecting, warning, distributing, sale, and recalling of the swing.

23. Defendant Fisher-Price breached these duties to Plaintiffs by:

(A) Failing to design and manufacture the swing free of defects when used in a manner reasonably foreseeable in light of its nature and intended function;

(B) Failing to adequately test the swing to ensure that it would perform as intended and expected under normal or reasonably foreseeable use;

(C) Failing to properly inspect the swing and employ reasonable care to discover a dangerous design defect before placing the swing into the stream of commerce;

(D) Failing to adequately warn as to the dangerous risks and hazards associated with the use of the swing, including, but not limited to, failing to specify the risk presented and failing to advise of the reason(s) for the insufficient warnings that were used;

(E) Failing to warn of the swing's defective condition or remedy the defective condition once a known or reasonably foreseeable risk of injury or death was learned by Defendant Fisher-Price; and

(F) Failing to timely recall the swing from the market once a known or reasonably foreseeable risk of injury or death was learned by Defendant Fisher-Price;

24. Defendant Fisher-Price further had post-sale duties to act as a reasonable person in recalling the swing and to warn foreseeable users of a dangerous propensity of its swing of which Defendant Fisher-Price had actual or constructive unequal knowledge, and for which Defendant Fisher-Price was reasonably aware of and knew or should have known that harm might or could occur if no warning is given.

25. Defendant Fisher-Price breached these duties to Plaintiffs by:

(A) Failing to act as a reasonable person in recalling the swing after undertaking the recall of the swing in cooperation with the U.S. Consumer Product Safety Commission on May 30, 2007, over six (6) months prior to Jermylin Deyvaughn Murphy's death while using the swing; and

(B) Failing to adequately warn Plaintiffs and other foreseeable users of a dangerous propensity of the swing of which Defendant Fisher-Price had actual or

Page -7-

constructive unequal knowledge, and for which it was reasonably aware of and knew or should have known that harm might or could occur if no warning is given.

26. As a direct and proximate result of the negligence of Defendant Fisher-Price, the swing failed and caused the entrapment and subsequent injuries to and death of Jermylin Deyvaughn Murphy.

WHEREFORE, Plaintiffs pray for a judgment against Defendant Fisher-Price for an undetermined amount in excess of Fifty Thousand Dollars ($50,000.00), costs of suit, and a trial by jury.

### JURY TRIAL DEMAND

Pursuant to 735 ILCS 5/2-1105, Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, request a trial by a jury of twelve (12) persons.

JERMALE MURPHY SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased.

BY: _____
GARY F. GEISLER

Page -8-

## AFFIDAVIT OF DAMAGES

STATE OF ILLINOIS
COUNTY OF MACON

   NOW COMES GARY F. GEISLER, counsel for the Plaintiffs herein, and after being duly sworn upon his oath, does depose and state that pursuant to Supreme Court Rule 222, damages sought in this cause exceed Fifty Thousand Dollars ($50,000.00).

_____
GARY F. GEISLER

Subscribed and sworn to before me this 2 day of February, 2009.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Melissa Helm
Notary Public, State of Illinois
Commission Expires 4/24/2011

GEISLER LAW OFFICES
Attorneys at Law
Post Office Box 1547
241 South Main Street
Decatur, Illinois 62525-1547
Telephone: 217-423-8081

Page -9-