28073.00A2B9 / JSS / Document #: 805724

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMALE MURPHY SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased,<br><br>      Plaintiffs,<br><br>v.<br><br>FISHER-PRICE, INC., and TARGET CORPORATION,<br><br>      Defendants. | Case No. 09-CV-02062 |

**TARGET CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes Defendant, TARGET CORPORATION ("Target"), by and through its attorneys, C. Barry Montgomery, Edward J. Murphy, and WILLIAMS MONTGOMERY & JOHN LTD., and for its answer to the Plaintiffs' Complaint, states as follows:

1. This is an action pursuant to and in accordance with the provisions of 740 ILCS 180/1, 735 ILCS 6/13-209 and Illinois common law for personal injuries to, and the wrongful death of, Jermylin Deyvaughn Murphy.

    **ANSWER:** Target makes no answer to the legal conclusions contained in Paragraph 1 and further states that the Plaintiff's complaint speaks for itself.

2. At all times material hereto, Defendants Fisher-Price and Target solicited, operated, conducted, engaged in and carried on a business or business venture in Illinois, derived substantial revenue from their goods used or consumed within Illinois, and committed tortious acts and omissions within Illinois from which this cause of action arises, and thus are subject to the jurisdiction of this Court.

    **ANSWER:** Target admits that its products have been purchased and sold within the State of Illinois that it has derived revenue from the sale of such products. Target further states that it does not contest the jurisdiction of the United States District Court for the Central District of Illinois in this case. Target denies each and every other factual allegation of Paragraph 2.

3.  Venue is proper in Macon County, Illinois as the defective baby swing that is the subject of this action was purchased and caused the death of Jermylin Deyvaughn Murphy within Macon County, Illinois; Plaintiffs are citizens of Macon County, Illinois; witnesses are located in Macon County, Illinois; and Defendants at all times material hereto regularly conducted business within Macon County, Illinois.

**ANSWER:**  Target admits on information and belief that the Plaintiffs are citizens of Macon County, Illinois, that Jermylin Deyvaughn Murphy died within Macon County, Illinois and that it is likely that witnesses are located in Macon County, Illinois.  Target has insufficient information with respect to where the "baby swing" referenced in this paragraph was purchased and, therefore, neither admits nor denies that allegation but demands strict proof thereof.  Target denies each and every allegation of Paragraph 3 insofar as they are directed toward the answering defendant.

4.  At all times material hereto, Plaintiffs Jermale Murphy, Sr. and Megan Whitney are the surviving natural parents of Jermylin Deyvaughn Murphy, deceased. Plaintiffs further are, or soon will be, the Special Administrators of the Estate of Jermylin Deyvaughn Murphy.

**ANSWER:**  Target has insufficient information with respect to the allegations of Paragraph 4, and therefore, neither admits nor denies those allegations but demands strict proof thereof.

5.  Jermylin Deyvaughn Murphy was born on May 2, 2007 and died on January 2, 2008 at the age of eight months.

**ANSWER:**  Target has insufficient information with respect to the allegations of Paragraph 5 and therefore, neither admits nor denies those allegations but demands strict proof thereof.

6.  At the time of his death, Jermylin Deyvaughn Murphy had been using a Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, that was designed, manufactured, tested, assembled, labeled, supplied, packaged, distributed, promoted, marketed, advertised, sold and recalled by Defendant Fisher-Price.

**ANSWER:**  Target has insufficient information with respect to the allegations of

Paragraph 6 and therefore, neither admits nor denies those allegations but demands strict proof thereof.

7. In the spring of 2007, the baby swing was purchased by Plaintiffs from Defendant Target at one of its retail store located at 356 West Mound Road, Decatur, Illinois 62526. The swing was purchased in the same condition in which it had left the control and possession of Defendant Fisher-Price and had been sold and supplied to Defendant Target.

**ANSWER:** Target has insufficient information with respect to the allegations of Paragraph 7 and, therefore, neither admits nor denies those allegations but demands strict proof thereof.

8. On the morning of January 2, 2008, Jermylin Deyvaughn Murphy was in the subject swing when the swing's seat failed, causing him to become entrapped in a declined position with his head forced forward and part of the upper portion of the fabric seat of the swing covering his face. The swing's failure resulted in Jermylin Deyvaughn Murphy experiencing vigorous respiratory efforts, including rebreathing with terminal gasping, that eventually caused his death by positional asphyxia.

**ANSWER:** Target has insufficient information with respect to the allegations of Paragraph 8 and, therefore, neither admits nor denies those allegations but demands strict proof thereof.

9. As a result of the swing's failure, Jermylin Deyvaughn Murphy suffered intrathoracic petechial hemorrhages, as well as livor mortis on his face. Both the cause and manner of Jermylin Deyvaughn Murphy's death evidence his physical and emotional pain and suffering incurred before and during his suffocation.

**ANSWER:** Target has insufficient information with respect to the allegations of Paragraph 9 and, therefore, neither admits nor denies those allegations but demands strict proof thereof.

10. As a result of their infant son's injuries and death, Plaintiffs have incurred medical, funeral and burial expenses, and have suffered the loss of the love, affection, guidance, society and companionship of their son.

**ANSWER:** Target has insufficient information with respect to the allegations of Paragraph 10 and, therefore, neither admits nor denies those allegations but demands strict proof thereof.

### COUNT I – Strict Liability
### (Against Defendant Fisher-Price)

The allegations in Count I are not directed against Target, and therefore no answer is made thereto. To the extent that any of the allegations of Count I may be construed to allege strict liability, negligence, breach of warranty, any wrongdoing by Target or its servants, agents or employees or any grounds for recovery from or judgment against Target , Target denies each and every such allegation.

### COUNT II - Breach of Implied Warranty of Merchantability
### (Against Both Defendants)

16. Plaintiffs re-state and re-allege Paragraphs 1 through 10 as if fully set forth herein and further allege:

**ANSWER:** Target reiterates and incorporates by reference its answers to Paragraphs 1 through 10 as its answer to Paragraph 16 of Count II.

17. This is an action pursuant to 810 ILCS 6/2-314 and Illinois common law.

**ANSWER:** Paragraph 17 contains no factual allegations and, therefore, requires no answer.

18. The infant swing as sold by Defendants Fisher-Price and Target was not of merchantable quality in that:

    a. It was not fit for the ordinary purposes for which it was used;
    b. It was not adequately labeled; and
    c. It failed to conform to the promises or affirmations of fact on its container or label, including the affirmation on its container stating "Deep Cradle Seat & head pillow support baby."

**ANSWER:** The answering defendant denies each and every allegation of Paragraph 18

4

including subparagraphs (a), (b) and (c).

19.     As a direct and proximate result of Defendant Fisher-Price and Defendant Target's breaches of their implied warranties of merchantability, the swing failed and caused the entrapment and subsequent injuries to and death of Jermylin Deyvaughn Murphy.

**ANSWER:**   The answering defendant denies each and every allegation of Paragraph

WHEREFORE, Defendant TARGET CORPORATION denies that Plaintiffs are entitled to judgment in their favor for any sum whatsoever, and, therefore, requests that Judgment be entered in its favor and against Plaintiffs.

The answering Defendant, Target Corporation, demands trial by jury.

### COUNT III - Negligence
### (Against Defendant Fisher-Price)

The allegations in Count III are not directed against Target, and therefore no answer is made thereto. To the extent that any of the allegations of Count III may be construed to allege strict liability, negligence, breach of warranty, any wrongdoing by Target or its servants, agents or employees, or any grounds for recovery from or judgment against Target, Target denies each and every such allegation.

### AFFIRMATIVE DEFENSES

Defendant, TARGET CORPORATION, pleading in the alternative, and without prejudice to its previously stated denials and while continuing to assert that the Plaintiffs should take nothing by their action against it states the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE – Contributory Negligence

1.     The Plaintiffs, Jermale Murphy Sr. and Megan Whitney, as the natural surviving parents of the decedent, Jermylin Deyvaughn Murphy, seek recovery of damages for medical, funeral and burial expenses and for the alleged loss of love, affective, guidance, society and companionship allegedly incurred as a result of the injuries and death sustained by their son, the

decedent. The Plaintiffs were guilty of contributory fault which proximately caused the injuries and death of Jermylin Deyvaughn Murphy and, therefore, recovery by the Plaintiffs should be reduced in proportion to the amount of their contributory fault or, if such fault is found to be more than 50% of the proximate cause of the injuries and death of the decedent their recovery should be barred.

2. On January 1 and 2, 2008, at the time and place alleged in their complaint, Plaintiffs, Jermale Murphy Sr. and Megan Whitney, were guilty of one or more of the following negligent acts and/or omissions:

    a. Carelessly and negligently failed to properly attend, watch, and supervise their 8 month old child as he sat in the Fisher-Price swing;

    b. Carelessly and negligently left their 8 month old son unattended while he was in the Fisher-Price swing;

    c. Carelessly and negligently assembled and maintained the Fisher-Price swing;

    d. Carelessly and negligently failed to follow instructions and warnings contained on the swing and in the instruction manual furnished with the swing;

    e. Were otherwise careless and negligent.

3. One or more of the aforesaid negligent acts and/or omissions proximately caused the injuries and death allegedly sustained by the decedent.

4. The contributory negligence, as aforesaid, of the Plaintiffs was more than 50% of the proximate cause of the injuries sustained by the decedent and his death.

WHEREFORE, Defendant TARGET CORPORATION respectfully asks that this Court enter an order: (1) barring Plaintiffs from recovery of damages; and (2) entering judgment in favor of Defendant and against the Plaintiffs. In the alternative, in the event the jury finds

Plaintiffs' comparative fault to be less than or equal to 50 percent of the proximate cause of the injuries or damages for which recovery is sought, Defendant respectfully requests that this Court enter an order reducing any recovery awarded to Plaintiffs in proportion to Plaintiffs' comparative fault.

### SECOND AFFIRMATIVE DEFENSE – Assumption of Risk

1. At the time and place alleged in their complaint the Plaintiffs were guilty of contributory fault which proximately caused the injuries and death allegedly sustained by their 8 month old son by assuming the risk of serious injury and/or death in one or more of the following ways:

   a. Failed to properly attend, supervise, and watch their 8 month old son as he sat in the Fisher-Price swing when they knew that such conduct exposed him to a serious risk of injury and/or death;

   b. Failed to properly assemble and maintain the Fisher-Price swing when they knew that such conduct could expose their 8 month old son to a risk of serious injury and/or death;

   c. Left their 8 month old child unattended in the Fisher-Price swing when they knew that such conduct could expose him to serious injury and/or death;

   d. Failed to properly follow the instructions and warnings on the swing and in the instruction manual furnished with the swing when they knew that such conduct could expose their 8 month old son to the risk of serious injury and/or death.

2. One or more of the aforesaid acts or omissions of the Plaintiffs proximately caused the injuries and death sustained by the decedent.

3. One or more of the aforesaid acts or omissions of contributory fault in assuming the risk of serious injury to their 8 month old son was more than 50% of the proximate cause of his alleged injuries and death.

WHEREFORE, Defendant TARGET CORPORATION respectfully asks that this Court enter an order: (1) barring Plaintiffs from recovery of damages; and (2) entering judgment in favor of Defendant and against the Plaintiffs. In the alternative, in the event the jury finds Plaintiffs' comparative fault to be less than or equal to 50 percent of the proximate cause of the injuries or damages for which recovery is sought, Defendant respectfully requests that this Court enter an order reducing any recovery awarded to Plaintiffs in proportion to Plaintiffs' comparative fault.

The answering Defendant demands trial by jury.

**TARGET CORPORATION**


By:_____s/Edward J. Murphy 3126287_____


C. Barry Montgomery
Edward J. Murphy
**WILLIAMS MONTGOMERY & JOHN LTD.**
20 North Wacker Drive, Suite 2100
Chicago, IL 60606
Ph: 312.443.3200

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMALE MURPHY SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased,<br><br>        Plaintiffs,<br><br>        v.<br><br>FISHER-PRICE, INC., and TARGET CORPORATION<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 09-CV-02062<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 4, 2009, I electronically filed the foregoing Target Corporation's Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary F. Geisler
Geisler Law Offices
241 Main Street, P.O. Box 1547
Decatur, IL    62525

Shane M. Dean
Bozeman Jenkins & Matthews
114 E. Gregory Street
Pensacola, Florida 32502

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

                                              /s/Edward J. Murphy  3126287
                                              Williams Montgomery & John Ltd.
                                              20 N. Wacker Drive, Suite 2100
                                              Chicago, Illinois 60606
                                              (312) 443-3200