IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERMALE MURPHY, SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 09 CV 02062 |
| v. | ) ) | |
| FISHER-PRICE, INC. and TARGET CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, by and through their undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, move for an order compelling discovery from Defendants Fisher-Price, Inc. and Target Corporation. In support thereof, Plaintiffs state:

1. On April 10, 2009, Plaintiffs propounded their first request for production to Defendant Target Corporation ("Target"). A copy of said request for production is attached hereto and incorporated herein by reference as Exhibit "A."

2. On April 23, 2009, Plaintiffs propounded their first request for production of documents to Defendant Fisher-Price, Inc. ("Fisher-Price"). A copy of said request for production is attached hereto and incorporated herein by reference as Exhibit "B."

3. Also on April 23, 2009, Plaintiffs propounded their first interrogatories to Defendant Fisher-Price. A copy of said interrogatories is attached hereto and incorporated herein by reference as Exhibit "C."

4. On April 24, 2009, Plaintiffs propounded their first interrogatories to Defendant Target. A copy of said interrogatories is attached hereto and incorporated herein by reference as Exhibit "D."

5. Plaintiff's answers and responses to the above discovery are now almost three (3) months overdue.

6. By letter dated June 5, 2009, counsel for Plaintiffs communicated with counsel for Defendants in a good faith effort to resolve by agreement the issues raised in this motion, and this dispute has not been resolved. A copy of said letter is attached hereto and incorporated herein by reference as exhibit "E." Despite Plaintiffs' counsel's repeated requests for the discovery responses during several telephone conversations since his June 5th letter, and despite Defendants' counsel's assurances during those telephone conversations that the discovery responses would be forthcoming, Plaintiffs have yet to receive any answers or responses to the above outstanding discovery from either Defendant to date. (See also defendants' counsel's e-mail communications attached as exhibit "F").

7. While Defendants' have failed to provide any responses to Plaintiffs' interrogatories or requests for production of documents, Defendants' counsel conducted the depositions of Plaintiffs on July 17, 2009, during which he examined both Plaintiffs concerning, and attached as exhibits to their depositions, several documents that have been requested in Plaintiffs discovery months prior to their depositions. Specifically, the subject recalled baby swing's instruction manual and package labeling had been requested as part of Plaintiffs' discovery. Plaintiffs and their counsel received a copy of these documents for the first time as they were attached as exhibits to Plaintiffs' depositions, immediately before Plaintiffs were questioned in detail about the documents. Defendants' failure

to disclose these documents prior to the Plaintiffs' depositions in light of the discovery rules and Plaintiffs' counsel's numerous requests for same evidence Defendants' failure to participate in good faith in the discovery process.

8. Federal Rule of Civil Procedure 37 states in relevant part that if a motion to compel for failure to make discovery

> **is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure of discovery without court action or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.**

9. Defendants' complete failure to participate in the discovery process and opposition to this motion are clearly unjustified in light of the discovery sought. As such, Plaintiffs are entitled to their reasonable expenses incurred in obtaining an order from the Court on this issue, including attorney's fees.

WHEREFORE, Plaintiffs request that the Court enter an Order compelling Defendants to produce complete answers and responses to Plaintiffs' interrogatories and requests for production within five (5) days of the Court's ruling on this motion, reasonable expenses incurred by Plaintiffs in obtaining said Order pursuant to Federal Rule of Civil Procedure 37, and for any and all such other relief as the Court deems just and proper.

\* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2009, I electronically filed the foregoing with the Court's CM/ECF system which will send notification of such filing to the following:

C. Barry Montgomery
Edward J. Murphy
Williams Montgomery & John, Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL 60606
(312) 443-3283
Attorneys for Defendants

/s/ Shane M. Dean
Shane M. Dean
Florida Bar No.: 499889
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL 32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
Email: sdean@bjm-law.com

Gary F. Geisler
Illinois Bar No.: 00930350
GEISLER LAW OFFICES
241 South Main Street
Post Office Box 1547
Decatur, IL 62525-1547
(217) 423-8081 Telephone

Attorneys for Plaintiffs