IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMALE MURPHY, SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FISHER-PRICE, INC. and TARGET CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  09 CV 02062<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT TARGET CORPORATION

Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, by and through their undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request Defendant, Target Corporation, to produce for their inspection and/or copying the following documents in accordance with the following instructions and definitions:

### INSTRUCTIONS

A. You are directed to separately identify and label the materials requested to correspond with the categories in the request.

B. Unless an original is specifically requested, in lieu thereof you may produce a true and correct copy in legible condition.

C. If objection is made to part of an item or category requested, you are directed to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis for each objection.



## DEFINITIONS

A.  The term **"document"** as used in this production request refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes, contracts, letters, memoranda, messages, logs, diaries, forms, card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile (fax) reproductions, reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

B.  The term **"writing"** as used in this production request applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

C.  The term **"correspondence"** means the original or copy of any document or writing such as a letter, note card, E-mail message, fax message, computerized network message, or other written communication which was sent by one person or entity to another.

D.  The term **"statement"** as used in this production request refers to any communication reduced to a writing or record.

E.  The terms **"you"** or **"your"** refer to Target Corporation and anyone acting for or on behalf of Target Corporation.

## REQUESTS

1. All documents relating to each sale of merchandise made by you to Plaintiff Jermale Murphy, Sr. or Plaintiff Megan Whitney at your retail store located at 355 West Mound Road, Decatur, Illinois 62526, from the time period of January 1, 2007 through January 1 2008. This request, includes, but is not limited to, the receipt for Plaintiffs' purchase of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

2. All product information documents relating to the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

3. All contracts and agreements between you and Fisher-Price, Inc. relating to your sale of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

4. All documents relating to your sales policies or procedures for the sale of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

5. All warranties issued or offered in connection with the sales of Fisher-Price Rainforest Open Top Take-Along Swings.

6. All documents relating to training or instruction given to any of your employees or agents involved in the recall of the Fisher-Price Rainforest Open Top Take-Along Swing.

7. All contracts, requests, correspondence, memoranda, and specifications exchanged between you and any other person or entity with regard to the recall of the Fisher-Price Rainforest Open Top Take-Along Swing.

8. All advertising literature or advertising media with respect to your marketing and sales of the Fisher-Price Rainforest Open Top Take-Along Swing, including, but not limited to, all newsprint and television.

9. All documents relating to your marketing strategy for the Fisher-Price Rainforest Open Top Take-Along Swing, including:

   a. Documents describing your marketing strategy, plans and objectives;

   b. Documents describing your intended market;

   c. Documents relating to pricing;

   d. All press kits and press releases; and

   e. Surveys, polls and marketing analysis.

10. All documents relating to your advertising and promotion of the Fisher-Price Rainforest Open Top Take-Along Swing.

11. All product data sheets and bulletins relating to the Fisher-Price Rainforest Open Top Take-Along Swing.

12. All documents relating to your quality control or quality assurance protocols and procedures utilized for the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

13. All documents relating to changes in your quality control or quality assurance procedures, criteria and standards, utilized at any time in connection with your sale of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, including any documents which describe the change, when the change was made and why.

14. All documents relating to training or instruction given to personnel who performed quality control or quality assurance for you in connection with the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

15. All written materials used by your employees or representatives in determining whether to honor a written or implied warranty claim or the amount of compensation to be paid with respect to any Fisher-Price Rainforest Open Top Take-Along Swing.

16: All documents which reflect reports or transmittal of data from you to any person or entity, including the U.S. Consumer Product Safety Commission, and which relates to consumer complaints, reports or suggestions about any Fisher-Price Rainforest Open Top Take-Along Swing during the five years preceding January 2, 2008.

17. All documents referencing or relating to any incident of injury to or death of a consumer while using any Fisher-Price Rainforest Open Top Take-Along Swing. This request includes, but is in no way limited to, any reports of such incidents generated as part of the Consumer Produce Safety Commission's Retailer Reporting Model.

18. All documents referencing or relating to any problem, failure, malfunction or defect in any Fisher-Price Rainforest Open Top Take-Along Swing that did not result in any injury or death. This request includes, but is in no way limited to, any reports of such incidents generated as part of the Consumer Produce Safety Commission's Retailer Reporting Model.

19. All documents or any other systems of information keeping which documents, collects, maintains or stores in any fashion whatsoever, information relating to any complaint, report, or suggestion as to any Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203.

20. All documents relating to warranty claims made with respect to the Fisher-Price Rainforest Open Top Take-Along Swing, including any documents relating to your consideration, approval or denial of warranty claims.

21. All documents relating to the inspection by you or any one on your behalf of any Fisher-Price Rainforest Open Top Take-Along Swing that was the subject of any claimed or reported problem, failure, malfunction or defect.

22. All models, maps, drawings, photographs and videotapes depicting any claimed or reported problem, failure, malfunction or defect in any Fisher-Price Rainforest Open Top Take-Along Swing.

23. All documents which contain protocols, policies or procedures for document retention, destruction, or record keeping of any documents or records relating to the Fisher-Price Rainforest Open Top Take-Along Swing.

24. All documents concerning, discussing or referring to any recall or corrective action plan for the Fisher-Price Rainforest Open Top Take-Along Swing because of any actual or potential problem, failure, malfunction, or defect. This request includes, but is not limited to, each press release, consumers letter, retailers letter, poster, phone script and website script.

25. All progress reports for any corrective action plan or recall relating to the Fisher-Price Rainforest Open Top Take-Along Swing.

26. All documents that evidence the total annual unit volume, dollar value and your gross sales of the Fisher-Price Rainforest Open Top Take-Along Swing.

27. All of your organizational charts and corporate structure documents beginning with the time that you first sold the Fisher-Price Rainforest Open Top Take-Along Swing and continuing to the present.

28. The minutes of all meetings of your board of directors, beginning with the time that you first sold the Fisher-Price Rainforest Open Top Take-Along Swing and continuing to the present, in which any incident, complaint, report or suggestion as to any problem, failure, malfunction or defect in said swing was ever discussed, as well as all documents pertaining to the swing that were distributed at any meeting of your board of directors.

29. All deposition transcripts of your current or former employees taken in any case involving allegations of defectiveness or failure with respect to any Fisher-Price Rainforest Open Top Take-Along Swing.

30. With respect to every person whom you reasonably anticipate to call as an expert witness at the trial of this action, please produce a copy of every scholarly book, treatise, article, professional journal article, or other writing subject to peer review, and all other learned works of a scientific or technical nature written in whole or in part by the person designated.

31. All correspondence between you and any other person or entity, excluding your attorneys, that references or relates to the death of Jermylin Deyvaughn Murphy.

\* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to C. Barry Montgomery, Esq. and Edward J. Murphy, Esq., Williams, Montgomery and Johns Ltd., 20 N. Wacker Drive, Suite 2100, Chicago, IL 60606, by U.S. mail this 10th day of April, 2009.

Shane M. Dean
Florida Bar No.: 499889
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL 32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
Email: sdean@bjm-law.com

Gary F. Geisler
GEISLER LAW OFFICES
241 South Main Street
Post Office Box 1547
Decatur, IL 62525-1547
(217) 423-8081 Telephone

Attorneys for Plaintiffs