IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMALE MURPHY, SR. and MEGAN WHITNEY, as Special Administrators of the Estate of JERMYLIN DEYVAUGHN MURPHY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FISHER-PRICE, INC. and TARGET CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  09 CV 02062<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT FISHER-PRICE, INC.

Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, by and through their undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propound the following interrogatories to Defendant, Fisher-Price, Inc., to be answered in writing and under oath in accordance with the following instructions and definitions:

### INSTRUCTIONS AND DEFINITIONS

A. As used herein, the word "document" or "documents" includes any written, printed, recorded or graphic matter or sound reproduction, however produced or reproduced, of any kind, including, but not limited to, the original or any coy of correspondence, records, memoranda, data, notes, communications, messages, telegrams, minutes, reports, schedules, tables, graphs, charts, books, accounts, vouchers, bills, statements, journals, ledgers, checks, invoices, contracts, agreements, orders, diaries, photographs, films, film strips and magnetic or other recorded tapes, however produced or reproduced, which are in your possession, custody or control.



B. As used herein, the word "person" means an individual, corporation, partnership, joint venture, group, association, body, politic, governmental agency or unit, or any other organization.

C. To "identify a person" or equivalent language, as the term is used herein means to state the person's name, last known address, and if employed, his job title or position, together with the name and address of his employer. The words "person" or "persons" include not only natural persons, but also firms, partnerships, associations and corporations.

D. To "identify a document" and/or "written communication" or equivalent language means to state the following with respect to that document or communication:

    (1) The identity of the person who signed it or whose name it was issued;

    (2) The identity of each person to whom it was addressed and distributed;

    (3) Its date, and if it bears no date, the date it was prepared; and

    (4) The contents or substance of the information transmitted in the document.

E. To "identify an oral communication" or a "conversation" or equivalent language when used herein means to state the following with respect to that oral communication:

    (1) The identity of each person who participated in the communication and/or who was present at the time it was made, indicating the person to whom the communication was made and the person making the communication;

    (2) The date and the place where such oral communications were made;

    (3) Whether such communications were made in person or by telephone;

    (4) The contents or substance of what was said by each person participating in the communication; and

    (5) The identity of each document in your possession, custody or control which pertains or refers to such oral communication.

F.  With respect to each interrogatory, in addition to supplying the information requested, you are requested to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto. If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document:

    (1)    Describe the nature of each document, e.g. letter or memorandum;

    (2)    State the date of the document;

    (3)    Identify the persons who sent and received the document;

    (4)    State in as much detail as possible the contents of the document; and

    (5)    State the manner and date of disposition of the document.

G.  As used herein, the terms "you" or "your" refer to Fisher-Price, Inc. and any person, organization or entity acting for or on its behalf, including any attorneys, and each and every other person, organization or entity acting or purporting to act on behalf of Fisher-Price, Inc.

## INTERROGATORIES

1. Please state the name, title, and address of the person answering these interrogatories, and, if more than one person answered these interrogatories, please specify the interrogatory each person answered.

2. Please list the names, addresses, and telephone numbers of all persons who are believed or known by you, or anyone acting on your behalf, to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter of the knowledge each witness has. Please include in your answer:

    (a) The relationship, if any, to you of any such persons acting on your behalf; and,

    (b) If the person is no longer employed by you, his or her last known address and phone number.

3. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4. Has any investigation been made by you or anyone acting on your behalf of the incident alleged in Plaintiffs' claims? If so, please state:

    (a) The name and address of each such person or entity conducting such investigation and the date or dates thereof;

    (b) If the results of such investigation have been reduced to writing, and if so, when, where, and by whom such writing was made and the name and address of each person or entity now having possession or custody thereof;

    (c) Whether you possess a copy of any such investigation, and if so, which one?

5. Please state whether you or anyone acting on your behalf has secured, obtained, or has any knowledge of any statement or account made by any person (including parties but excluding television and news media), whether written, recorded, or oral, which pertains in any way to the occurrence made the basis of this action. If so, with respect to each statement or account, please state:

   (a) The name and address of the person who made it;

   (b) The name and address and job description of the person who obtained it;

   (c) The name, address and job description of the person who currently has custody of it; and

   (d) Whether it was written, recorded, and signed.

6. Please identify all of your present or former employees who have given testimony on your behalf in any deposition or trial concerning any infant or baby swing designed, manufactured or sold by you, including, but not limited to, the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203; state the case name, jurisdiction, and docket number in which such person testified; identify the plaintiff's counsel; and state the date(s) of the testimony.

7. Beginning with the time that you first designed, manufactured, sold or distributed the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, and continuing to the present, identify, by applicable time period, the person(s) who had primary responsibility for and the most knowledge of each phase of the following:

   (a) The design of the swing;

   (b) The manufacture of the swing;

   (c) The production of the swing;

   (d) The engineering for the swing;

5

(e) The quality assessment and control for the swing;

(f) Scientific matters and studies pertaining to the swing;

(g) Materials supply acquisition or purchase for the swing;

(h) Complaints and returns of the swing;

(I) The testing of the swing;

(j) Sales of the swing;

(k) The marketing of the swing;

(l) The distribution of the swing; and

(m) Regulatory matters relating to the swing.

8. With respect to the subject Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, date code 3126SJ, please state:

(a) The date(s) its manufacturing process began and was completed, the location(s) where the manufacturing process occurred, and the identity of any entity known or believed by you to have been involved in its manufacture or the manufacture of any of its component parts;

(b) The date(s) it was distributed and sold and the identity of all persons or entities known or believed by you to have been involved in its sale or distribution; and

(c) The identity of each and every document relating to its manufacture, sale and distribution, including any purchase orders, bills of sales, invoices and shipping documents.

9. Please list all regulatory, industry or other standards to which you adhered in regard to the testing, manufacture, sale and distribution of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, and for each such standard, state the date on which the standard was implemented by you.

10. Please state the facts upon which you rely for each affirmative defense in your answer.

11. Please state whether any Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, has ever been tested or analyzed, either by you (during or after the manufacturing process) or by some independent company, organization, agency, or consultant. If so, for each such test, or analysis, please state:

    (a) Who conducted the test, including the name of the organization and the name and address of the person(s) performing the test;

    (b) When the tests or analyses were made, including both the date and stage of the manufacturing process at which the tests or analyses were made;

    (c) A description of the nature of the tests, evaluations or analyses;

    (d) The number of swing samples upon which the tests were conducted;

    (e) The results of any such tests, evaluations or analyses; and

    (f) The identity of all documents in your possession or subject to your control which relate to such tests, evaluations or analyses, together with the name, address and job title of the person with present custody thereof.

12. Have you, during the last ten (10) years, become aware of the existence of incidents in which users of the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, have been injured or killed while using, or by reason of using, said swing? If so, for each such incident, please state:

    (a) When and where it occurred;

    (b) The name and address of the person injured or killed;

    (c) A general description of the injuries or death;

    (d) The date on which and the manner by which the incident first came to your attention;

(e) Whether the incident was the subject of a claim or lawsuit for personal injuries or wrongful death;

(f) The result and disposition of any such claim or lawsuit for personal injuries or wrongful death;

(g) Identify by author, date and general description, all documents in your possession or subject to your control relating to such incidents, or to claims or lawsuits arising from them, together with the name and address of the present custodian of any such record; and

(h) The details of your procedures or company channels for the receipt, review, processing and retention of correspondence or other documents received by you which relate to such accidents or claims or lawsuits arising from them, including the name, address and job title of all persons involved in the distribution chain of such documents.

13. Did you, prior to January 2, 2008, become aware of any actual or potential danger, hazard, failure, malfunction or defect in the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203? If so, please state for each:

(a) The nature of the actual or potential danger, hazard, failure, malfunction or defect;

(b) When you became aware of it; and

(c) Whether you ever warned anyone of it, and, if so, the nature of the warning, the date of the warning, and to whom each such warning was given.

14. Have you, since January 2, 2008, become aware of any actual or potential danger, hazard, failure, malfunction or defect in the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203? If so, please state for each:

(a) The nature of the actual or potential danger, hazard, failure, malfunction or defect;

(b) When you became aware of it; and

(c) Whether you ever warned anyone of it, and, if so, the nature of the warning, the date of the warning, and to whom each such warning was given.

15. Beginning with the time that you first manufactured, distributed or sold the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, and continuing to the present, please describe your policies, procedures and practices in regard to consumer or retailer complaints, reports or suggestions of any problems, difficulties, flaws, failures or potential defects concerning said swing, including:

    (a) How information communicated to you was recorded, collected, compiled, maintained, summarized and reported;

    (b) Any changes to these policies, practices and procedures, with applicable dates and the reasons for such changes; and

    (c) The identity of the person most knowledgeable in regard to the handling or processing of complaints and reports of problems.

16. With respect to the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, please state whether, at any time since the original design, there have been any changes in its design, manufacturing process or composition. If so, for each such change, please state:

    (a) A general description of the change;

    (b) When it was made;

    (c) By whom it was made or conceived;

    (d) The reason for such change; and

    (e) The identity and author of each document in your possession or subject to your control relating to the change or reasons for it, together with the name and address of the present custodian of such document.

17. With respect to the packaging and labeling that accompany the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, please state whether, at any time since its original production, there have been any changes in the language contained within the packaging or labeling. If so, for each such change, please state:

    (a) A general description of the change;

    (b) When it was made;

    (c) By whom it was made or conceived;

    (d) The reason for such change; and

    (e) The identity and author of each document in your possession or control relating to the change or reasons for it, together with the name and address of the present custodian of such documents.

18. Have you ever notified the United States Consumer Product Safety Commission that the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, failed to comply with an applicable product safety rule as required by 16 CFR 1115? If so, please identify the occasion(s) of each such notification, the manner of each notification, and all documents evidencing each notification or the receipt of such notification.

19. Please identify all persons, entities, organizations, and corporations that were responsible for ensuring that the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, complied with the provisions of the United States Code of Federal Regulations and the Federal Hazardous Substances Act.

20. Please identify the identity of the person and employer of the person who inspected and accepted the subject Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, date code 3126SJ, on your behalf at the time the swing arrived in the United States.

21. Please state whether you or anyone acting on your behalf participated in any corrective action plan, recall, retrofit campaign or similar activity involving the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203. If so, please state separately and severally as to each:

    (a) The date the corrective action plan, recall or retrofit campaign activity began;

    (b) The purpose of the corrective action plan, recall or retrofit campaign;

    (c) All models involved in the corrective action plan, recall or retrofit campaign; and,

    (d) The name, address and job description of the person who has the most knowledge of the corrective action plan, recall or retrofit campaign.

22. Has any report been made by you, or any other person, to any federal or state agency relating to the Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203? If so, with respect to each such report, please state:

    (a) The person making the report;

    (b) The person or official to whom the report was made;

    (c) The date of the report;

    (d) Whether the report was oral or written;

    (e) The office or place where the report or an account thereof is now located;

    (f) Whether you possess a copy of any such report, and, if so, which one(s).

23. Have you, during the last ten (10) years, become aware of the existence of any incident, complaint, report or suggestion of any problem, difficulty, flaw, failure or potential defect in a seat cushion or seat pad to a Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, including, but not limited to, the seat cushion or seat pad becoming unsecured from its metal frame for any reason? If so, for each please state:

   (a) When and where it occurred;

   (b) The name and address of the person who reported it;

   (c) A general description of it;

   (d) The date on which and the manner by which it first came to your attention; and,

   (e) Identify by author, date and general description all documents in your possession or subject to your control relating to it, together with the name and address of the present custodian of any such documents.

24. Please identify by name, product or model number, patent number, and dates of manufacture all infant and baby swings that have ever been designed, manufactured, or sold by you.

\* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to C. Barry Montgomery, Esq. and Edward J. Murphy, Esq., Williams, Montgomery and Johns Ltd., 20 N. Wacker Drive, Suite 2100, Chicago, IL 60606, by U.S. mail this 23rd day of April, 2009.

Shane M. Dean
Florida Bar No.: 499889
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL 32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
Email: sdean@bjm-law.com

Gary F. Geisler
Illinois Bar No.: 00930350
GEISLER LAW OFFICES
241 South Main Street
Post Office Box 1547
Decatur, IL 62525-1547
(217) 423-8081 Telephone

Attorneys for Plaintiffs