E-FILED
Tuesday, 21 July, 2009 04:03:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

JERMALE MURPHY, SR. and MEGAN )
WHITNEY, as Special Administrators of )
the Estate of JERMYLIN DEYVAUGHN )
MURPHY, deceased, )
)
    Plaintiffs, ) 09 CV 02062
)
v. )
)
FISHER-PRICE, INC. and )
TARGET CORPORATION, )
)
    Defendants. )

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT TARGET CORPORATION

Plaintiffs, Jermale Murphy, Sr. and Megan Whitney, as Special Administrators of the Estate of Jermylin Deyvaughn Murphy, deceased, by and through their undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propound the following interrogatories to Defendant, Target Corporation, to be answered in writing and under oath in accordance with the following instructions and definitions:

### INSTRUCTIONS AND DEFINITIONS

    A.    As used herein, the word "document" or "documents" includes any written, printed, recorded or graphic matter or sound reproduction, however produced or reproduced, of any kind, including, but not limited to, the original or any coy of correspondence, records, memoranda, data, notes, communications, messages, telegrams, minutes, reports, schedules, tables, graphs, charts, books, accounts, vouchers, bills, statements, journals, ledgers, checks, invoices, contracts, agreements, orders, diaries, photographs, films, film strips and magnetic or other recorded tapes, however produced or reproduced, which are in your possession, custody or control.


EXHIBIT D

B. As used herein, the word "person" means an individual, corporation, partnership, joint venture, group, association, body, politic, governmental agency or unit, or any other organization.

C. To "identify a person" or equivalent language, as the term is used herein means to state the person's name, last known address, and if employed, his job title or position, together with the name and address of his employer. The words "person" or "persons" include not only natural persons, but also firms, partnerships, associations and corporations.

D. To "identify a document" and/or "written communication" or equivalent language means to state the following with respect to that document or communication:

(1) The identity of the person who signed it or whose name it was issued;

(2) The identity of each person to whom it was addressed and distributed;

(3) Its date, and if it bears no date, the date it was prepared; and

(4) The contents or substance of the information transmitted in the document.

E. To "identify an oral communication" or a "conversation" or equivalent language when used herein means to state the following with respect to that oral communication:

(1) The identity of each person who participated in the communication and/or who was present at the time it was made, indicating the person to whom the communication was made and the person making the communication;

(2) The date and the place where such oral communications were made;

(3) Whether such communications were made in person or by telephone;

(4) The contents or substance of what was said by each person participating in the communication; and

(5) The identity of each document in your possession, custody or control which pertains or refers to such oral communication.

F. With respect to each interrogatory, in addition to supplying the information requested, you are requested to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto. If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document:

(1) Describe the nature of each document, e.g. letter or memorandum;

(2) State the date of the document;

(3) Identify the persons who sent and received the document;

(4) State in as much detail as possible the contents of the document; and

(5) State the manner and date of disposition of the document.

G. As used herein, the terms "you" or "your" refer to Target Corporation and any person, organization or entity acting for or on its behalf, including any attorneys, and each and every other person, organization or entity acting or purporting to act on behalf of Target Corporation.

# INTERROGATORIES

1. Please state the name, title, and address of the person answering these interrogatories, and, if more than one person, please specify the interrogatory each person answered.

2. Please list the names, addresses, and telephone numbers of all persons who are believed or known by you, or anyone acting on your behalf, to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter of the knowledge each witness has. Please include in your answer:

   (a) The relationship, if any, to you of any such persons acting on your behalf; and,

   (b) If the person is no longer employed by you, his or her last known address and phone number.

3. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4. Has any investigation been made by you or anyone acting on your behalf of the incident alleged in Plaintiffs' claims? If so, please state:

   (a) The name and address of each such person or entity conducting such investigation and the date or dates thereof;

   (b) If the results of such investigation have been reduced to writing, and if so, when, where, and by whom such writing was made and the name and address of each person or entity now having possession or custody thereof;

   (c) Whether you possess a copy of any such investigation, and if so, which one?

5. Please state whether you or anyone acting on your behalf has secured, obtained, or has any knowledge of any statement or account made by any person (including parties but excluding television and news media), whether written, recorded, or oral, which pertains in any way to the occurrence made the basis of this action. If so, with respect to each statement or account, please state:

    (a) The name and address of the person who made it;

    (b) The name and address and job description of the person who obtained it;

    (c) The name, address and job description of the person who currently has custody of it; and

    (d) Whether it was written, recorded, and signed.

6. Please state the facts upon which you rely for each affirmative defense in your answer.

7. Beginning with the time that you first sold a Fisher-Price Rainforest Open Top Take-Along Swing and continuing to the present, identify, by applicable time period, the person(s) who had primary responsibility for and the most knowledge of each phase of the following:

    (a) Your testing of the swings;

    (b) Your marketing of the swings;

    (c) Your sales of the swings; and

    (d) Complaints and returns of the swings.

8. With respect to the subject Fisher-Price Rainforest Open Top Take-Along Swing, product number K7203, date code 3126SJ, please state:

    (a) The date(s) it was distributed and sold and the identity of all persons and entities known or believed by you to have been involved in its distribution or sale; and

    (b) The identity of each and every document relating to its distribution and sale, including any receipts, purchase orders, bills of sales, and invoices.

9. Please identify all documents that relate to or indicate the existence of merchandise sales made by you to Plaintiff Jermale Murphy, Sr. or Plaintiff Megan Whitney at your retail store located at 355 West Mound Road, Decatur, Illinois 62526, from the time period of January 1, 2007 through January 1, 2008.

10. Beginning with the time that you first sold the Fisher-Price Rainforest Open Top Take-Along Swing, and continuing to the present, please describe your policies, procedures and practices in regard to consumer complaints, reports or suggestions of any problems, difficulties, flaws, failures or potential defects concerning said swing, including:

    (a) How information communicated to you was recorded, collected, compiled, maintained, summarized and reported;

    (b) Any changes to these policies, practices and procedures, with applicable dates and the reasons for such changes; and

    (c) The identity of the person most knowledgeable in regard to the handling or processing of such complaints, reports or suggestions.

11. Have you, during the last ten (10) years, become aware of the existence of incidents in which users of a Fisher-Price Rainforest Open Top Take-Along Swing have been or claimed to have been injured or killed while using, or by reason of using, said swing? If so, for each such incident, please state:

    (a) When and where it occurred;

    (b) The name and address of the person injured or killed;

    (c) A general description of the injuries or death;

    (d) The date on which and the manner by which the incident first came to your attention;

    (e) Whether the incident was the subject of a claim or lawsuit for personal injuries or wrongful death;

    (f) The result and disposition of any such claim or lawsuit for personal injuries or wrongful death;

    (g) Identify by author, date and general description, all documents in your possession or subject to your control relating to such incidents, or to claims or lawsuits arising from them, together with the name and address of the present custodian of any such record; and

    (h) The details of your procedures or company channels for the receipt, review, processing and retention of correspondence or other documents received by you which relate to such accidents or claims or lawsuits arising from them, including the name, address and job title of all persons involved in the distribution chain of such documents.

12. Did you, prior to January 2, 2008, become aware of any actual or potential danger, hazard, failure, malfunction or defect in a Fisher-Price Rainforest Open Top Take-Along Swing? If so, please state for each:

    (a) The nature of the actual or potential danger, hazard, failure, malfunction or defect;

    (b) When you became aware of it; and

    (c) Whether you ever warned anyone of it, and, if so, the nature of the warning, the date of the warning, and to whom each such warning was given.

13. Have you, since January 2, 2008, become aware of any actual or potential danger, hazard, failure, malfunction or defect in a Fisher-Price Rainforest Open Top Take-Along Swing? If so, please state for each:

    (a) The nature of the actual or potential danger, hazard, failure, malfunction or defect;

    (b) When you became aware of it; and

    (c) Whether you ever warned anyone of it, and, if so, the nature of the warning, the date of the warning, and to whom each such warning was given.

14. Have you, during the last ten (10) years, become aware of the existence of any incident, complaint, report or suggestion of any problem, difficulty, flaw, failure or potential defect in a seat cushion or seat pad to a Fisher-Price Rainforest Open Top Take-Along Swing, including, but not limited to, the seat cushion or seat pad becoming unsecured from its metal frame for any reason? If so, for each please state:

   (a) When and where it occurred;

   (b) The name and address of the person who reported it;

   (c) A general description of it;

   (d) The date on which and the manner by which it first came to your attention; and,

   (e) Identify by author, date and general description all documents in your possession or subject to your control relating to it, together with the name and address of the present custodian of any such documents.

15. Please state whether you or anyone acting on your behalf participated in any corrective action plan, recall, retrofit campaign or similar activity involving the Fisher-Price Rainforest Open Top Take-Along Swing. If so, please state separately and severally as to each:

   (a) The date the corrective action plan, recall or retrofit campaign activity began;

   (b) The purpose of the corrective action plan, recall or retrofit campaign;

   (c) All models involved in the corrective action plan, recall or retrofit campaign; and,

   (d) The name, address and job description of the person who has the most knowledge of the corrective action plan, recall or retrofit campaign.

16. Beginning with the time that you first sold the Fisher-Price Rainforest Open Top Take-Along Swing and continuing to the present, please describe your policies, procedures and practices in regard to the obtaining and maintaining of a record of the names, addresses, e-mail addresses, or other contact information of consumers to whom you sold the swing, including:

   (a) How such consumer information was recorded, collected, compiled, maintained, summarized and reported;

   (b) Any changes to these policies, practices and procedures, with applicable dates and the reasons for such changes; and

   (c) The identity of the person most knowledgeable in regard to the obtaining and maintaining of such consumer information.

17. Beginning with the time that you first sold the Fisher-Price Rainforest Open Top Take-Along Swing and continuing to the present, please state:

   (a) The total number of such swings sold by you;

   (b) The total number of such swings returned to you by customers or consumers;

   (c) The total number of such swings exchanged through you by customers or consumers; and

   (d) The total number of such swings sold by you that were the subject of the Consumer Product Safety Commission's recall announcement of May 30, 2007.

18. Please describe in detail all of your protocols, policies or procedures for document retention, destruction, or record keeping of any documents or records relating to Fisher-Price Rainforest Open Top Take-Along Swings.

19. Please describe all documents of communications between you and Fisher-Price, Inc., or anyone acting on its behalf, relating to Fisher-Price Rainforest Open Top Take-Along Swings.

20. Has any report been made by you, or any other person, to any federal or state agency relating to the Fisher-Price Rainforest Open Top Take-Along Swing? If so, with respect to each such report, please state:

    (a)    The person making the report;

    (b)    The person or official to whom the report was made;

    (c)    The date of the report;

    (d)    Whether the report was oral or written;

    (e)    The office or place where the report or an account thereof is now located; and

    (f)    Whether you possess a copy of any such report, and, if so, which one(s).

\* \* \* \* \*

**TARGET CORPORATION**

BY: _____

ITS: _____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2009, by _____, who affirmed that he/she provided the answers to the foregoing Interrogatories and that said answers are true and correct to the best of his/her knowledge or belief. He/She is personally known to me or who has produced _____ as identification and did/did not take an oath.

[SEAL]

Notary Public
Printed Name: _____
Commission Number: _____
My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to C. Barry Montgomery, Esq. and Edward J. Murphy, Esq., Williams, Montgomery and Johns Ltd., 20 N. Wacker Drive, Suite 2100, Chicago, IL 60606, by U.S. mail this 24th day of April, 2009.

                                                Shane M. Dean
                                                Florida Bar No.: 499889
                                                BOZEMAN, JENKINS & MATTHEWS, P.A.
                                                114 East Gregory Street (32502)
                                                Post Office Box 13105
                                                Pensacola, FL 32591-3105
                                                (850) 434-6223 Telephone
                                                (850) 434-5242 Facsimile
                                                Email: sdean@bjm-law.com

                                                Gary F. Geisler
                                                Illinois Bar No.: 00930350
                                                GEISLER LAW OFFICES
                                                241 South Main Street
                                                Post Office Box 1547
                                                Decatur, IL 62525-1547
                                                (217) 423-8081 Telephone

                                                Attorneys for Plaintiffs