28073.00A2B9/bg/Document #:845717

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERMALE MURPHY SR. and MEGAN )
WHITNEY, as Special Administrators of the )
Estate of JERMYLIN DEYVAUGHN )
MURPHY, deceased, )
)
      Plaintiffs, )
)
v. )  Case No. 09-CV-02062
)
FISHER-PRICE, INC., and TARGET )
CORPORATION, )
)
      Defendants. )

## RESPONSE OF DEFENDANT FISHER-PRICE, INC. TO PLAINTIFFS' AMENDED NOTICE OF DEPOSTION DUCES TECUM OF CORPORATE REPRESENTATIVE

Now comes the defendant, Fisher-Price, Inc., by and through its attorneys, C. Barry Montgomery, Edward J. Murphy, and Williams Montgomery & John Ltd., and for its Response to the Plaintiffs' Amended Notice of Deposition Duces Tecum of Corporate Representative (Amended Notice), states as follows,

    1.    Fisher-Price, Inc. objects to the location given in the Amended Notice for the reasons stated in its Motion for Protective Order filed with the court on April 8, 2010 (Doc. #34).

    2.    Fisher-Price, Inc. objects generally to the Amended Notice, including Schedule A and Schedule B, to the extent that it is overbroad, burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

    3.    Subject to the aforesaid objections and subject to the specific objections stated below Fisher-Price, Inc will present Catherine Pilarz, Senior Director of Product Safety, on April 21, 2010 for deposition at the location stated in the plaintiffs' original notice, served on March 19, 2010, the offices of Jack W. Hunt & Associates, Buffalo, NY.



1

SCHEDULE A

Objections, Paragraphs 1-14. Fisher-Price, Inc. further objects to Paragraphs 1 through 14, inclusive, of Schedule A including all subparagraphs to the extent that they are overbroad, burdensome, and vague and to the extent that these paragraphs seek information which is not reasonably calculated to lead to the discovery of admissible evidence. Fisher-Price, Inc. also objects to these paragraphs to the extent that they seek information about incidents or injuries which did not occur in a manner substantially similar to the claimed incident involved in this suit. Subject to and without waiving these objections the witness to be presented has knowledge in the general subject matter areas specified in Paragraphs 1 through 14.

15. The marketing and advertising of the swing model for sale, including any advertising literature or advertising media such as newsprint and television.

ANSWER

Fisher-Price, Inc. objects to producing a witness with knowledge of the subject matter areas specified in Paragraph #15 because this part of the notice seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and which is irrelevant to any issue in this lawsuit.

16. Fisher-Price's distribution of the swing into and within the United States.

ANSWER

Fisher-Price, Inc. objects to producing a witness with knowledge of the subject matter areas specified in Paragraph #16 because this part of the notice seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and which is irrelevant to any issue in this lawsuit.

17. Sales of the swing model in the United States, including the total annual unit volume, dollar value and gross sales.

ANSWER

Fisher-Price, Inc. objects to producing a witness with knowledge of the subject matter areas specified in Paragraph #17 because this part of the notice seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and which is irrelevant to any issue in this lawsuit.

**SCHEDULE "B"**

The individual(s) designated shall have with him/her the following:

1. Color copies of all documents that reference or relate to any actual or potential problem, failure, malfunction or defect, or any consumer or retailer

complaint, report, or suggestion, as to the swing model involving issues of a child being out of position or falling out of seat, maneuvering out/over the seat or head entrapment, or head to the side of the seat or head entrapment.

ANSWER

Fisher-Price, Inc. objects to producing the documents specified in Paragraph 1 because the request is overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks documents which relate to incidents and injuries which occurred in a manner not substantially similar to the claimed incident involved in this lawsuit. Subject to these objections and without waiving them Fisher-Price, Inc. responds that it has previously produced in the course of discovery all relevant and discoverable documents related to this request.

2. Color copies of all schematic drawings for the following Fisher-Price infant swing product numbers: K7203, M6709, J7740, J7240, J8050, and L1964 (This request includes any schematic or diagram which documents any improvements or design changes, whether those improvements or changes were ultimately put into production or not).

ANSWER

Fisher-Price, Inc. objects to producing the documents specified in Paragraph 2 because the request is overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks documents which relate to incidents and injuries which occurred in a manner not substantially similar to the claimed incident involved in this lawsuit. Subject to these objections and without waiving them Fisher-Price, Inc. responds that it has previously produced in the course of discovery discoverable documents related to this request. Fisher-Price, Inc. previously produced all relevant and responsive documents with respect to Model K7203. It will produce any relevant documents in its possession related to Model M6709 to the extent that such have not been produced already and any drawings still in its possession with respect to Model J8050. Fisher-Price, Inc. has no documents responsive to this request regarding swing models numbered J7740, J7240, and J1964.

3. An exemplar of each of the following Fisher-Price swings:
    a. Product number K7203 (without stop bosses);
    b. Product number K7203 (with added stop bosses);
    c. Product number J7740;
    d. Product number J7240
    e. Product number J8050;
    f. Product number M6709; and
    g. Product number L1964.

ANSWER

3

Fisher-Price, Inc. objects to this request because it is overbroad and burdensome, seeks tangible items which are irrelevant to any issue in this lawsuit, and because the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving them Fisher-Price, Inc. states that it previously produced an exemplar responsive to subparagraph a (which is in the possession of the plaintiffs' attorneys), that the plaintiffs' attorney has in his possession an exemplar Model M6709, and that Fisher-Price, Inc. will produce exemplars responsive to subparagraphs b and e. Further responding Fisher-Price Inc. states that it does not have exemplar swings responsive to the other subparagraphs.

4. Color copies of all documents that reference or relate to any consumer report, complaint or suggestion as to the swing model involving the following Fisher-Price Reason Codes in Fisher-Price's Consumer Affairs Tracking System (CATS):

   a. 1003 Potential suffocation/asphyxiation

   b. 1004 Alleged death

   c. 1008 Head or neck entrapment

   d. 1017 Child hits or is hit by part or product

   e. 1100 Consumer expresses product concern

   f. 1122 Entrapment

   g. 1367 Product tips over

   h. 1382 Performance issue after product design change

   i. 2507 Child out of position or fall/climb out

   j. 2508 Fell, sat, step on or tip over product

   k. 2535 Lock or latch failed

   l. 3120 Falls apart/off or disassembles

   m. 4252 2007 Rain Forest T/A swing recall

   n. 5107 Does not fit or attach

   o. 5126 Missing hardware

4

|     |     |                                          |
| --- | --- | ---------------------------------------- |
| p.  |     | 5130 Missing parts (other)               |
| q.  |     | 7125 Damage or misuse — no service.      |
| r.  |     | 7133 Product received (safety return)    |
| s.  |     | 7134 Recall part or product returned     |
| t.  |     | 7514 Recall refund request               |
| u.  |     | 7522 Inquiry to confirm correct usage    |
| v.  |     | 7901 Website comment                     |
| w.  |     | 7903 Website usage inquiry/issue         |
| x.  |     | 8143 General recall inquiry              |
| y.  |     | 8305 Objects to policy or action taken   |
| z.  |     | 8312 Inquiry on consumer product safety act |
| aa. |     | 8330 Objects to product                  |
| bb. |     | 8370 Regulatory contact (IDI)            |
| cc. |     | 8371 Retail incident report              |
| dd. |     | 9053 Performance issues (other)          |

ANSWER

Fisher-Price, Inc. objects to request No. 4 and all of its subparagraphs because these requests are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fisher-Price, Inc. also objects to this request on the basis that it is not confined to reports of injuries or incidents which occurred or are claimed to have occurred in a manner substantially similar to the claimed incident involved in this suit. Further answering, Fisher-Price, Inc. responds that it has already produced Consumer Relations documents regarding all reports of the seatback of a Model K7203 swing folding forward.

Further answering Fisher-Price, Inc. states that there are no reports in the Consumer Affairs Tracking System (CATS) for the Reason Codes stated in the following subparagraphs: a, e, h, j, k, n, q, t, v, w, z, aa, or dd. Further, there is only one report related to the Reason Code 1004, stated in subparagraph b -- the report received from the attorneys for the plaintiff in

5

the instant case which was previously produced in discovery.

5.  Color copies of all documents relating to any possible risk, hazard, or danger to infants by flexion or obstruction of an infant's neck, the compromising of an infant's breathing or narrowing of an infant's airway, an infant's chin on his or her chest, the slumping forward of an infant's head, or the folding down of an infant's head.

ANSWER

Fisher-Price, Inc. objects to request No. 5 because the request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fisher-Price, Inc. also objects to this request on the basis that it is not confined to reports of injuries or incidents which occurred or are claimed to have occurred in a manner substantially similar to the claimed incident involved in this suit. Further answering, Fisher-Price, Inc. responds that it has already produced consumer relations documents regarding all reports of the seatback of a Model K7203 swing folding forward.

WILLIAMS MONTGOMERY & JOHN LTD.

Edward J. Murphy

Edward J. Murphy
Anndra L. Masters
Williams Montgomery & John Ltd.
Attorney for Defendants
233 South Wacker Drive, Suite 2100
Chicago, Illinois 60606-3094
(312)443-3200